

**Via ECF**                                                                                           January 4, 2021

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Williams v. KuCoin, et al.*, No. 20-cv-02806 (GBD) (RWL)

Dear Judge Lehrburger:

    We write on behalf of Plaintiff, and consistent with your Honor's Order (ECF No. 66), to update the Court on the status of discovery.

    As the Court is aware, Plaintiff has pursued discovery from KuCoin and the Individual Defendants in this Action (Michael Gan, Johnny Lyu, and Eric Don) through the issuance of Letters of Request, which were authorized by the Court on December 11, 2020 (ECF No. 72), and delivered to the Supreme Court of Singapore on December 22, 2020. With respect to the foreign issuer discovery targets that have not appeared in this District to defend litigation arising out of the offer and sale of unregistered securities (aelf, ETHLend and TomoChain), Plaintiff—with this Court's approval (ECF No. 67)—sought discovery by Letters of Request, which were authorized by this Court on December 11, ECF No. 72, and delivered to the respective foreign governments on December 21 and 22, 2020. With respect to OmiseGo, as discussed in Plaintiff's December 3, 2020, Application for the Issuance of International Letters of Request (Letters Rogatory) (ECF No. 69), Plaintiff is continuing to evaluate whether it is necessary to proceed with a Letter Rogatory to OmiseGo (which will involve greater costs) based upon the results of the FRCP subpoenas and Letters of Request to the other witnesses.

    As indicated in Plaintiff's discovery plan, to minimize cost on the Proposed Class and burden on this Court, Plaintiff has sought discovery through Rule 45 subpoenas to the extent feasible. In particular, in addition to those entities that were indicated as domestic on Plaintiff's discovery plan (ECF No. 67), Plaintiff has also sought discovery through Rule 45 subpoenas from witnesses that have appeared in this District to defend litigation arising out of their offer and sale of unregistered securities. Specifically, on December 3, 2020, Plaintiff attempted to serve Rule 45 subpoenas on Block.one, Civic, Kyber Network, Quantstamp, Status, and Tron Foundation. Likewise, and also consistent with Plaintiff's discovery plan, on December 3, 2020, Plaintiff served a Rule 45 subpoena on the domestic registered agent of Amazon Web Services, the host of KuCoin's website.

    On December 8, 2020, counsel for Status informed Plaintiff's counsel that he was not authorized to accept service of the subpoena. Upon Plaintiff's motion, a Letter of Request was subsequently authorized by the Court on December 30, 2020 (ECF No. 82). Plaintiff expects to send the Letter of Request to the Supreme Court of the Canton of Zug, Switzerland during the week of January 4, 2021.

On December 9, 2020, counsel for Kyber Network informed Plaintiff's counsel that it would not accept service of the subpoena. Upon Plaintiff's motion, a Letter of Request was subsequently authorized by the Court on December 30, 2020 (ECF No. 82). Plaintiff expects to send the signed Letter of Request to the Supreme Court of Singapore during the week of January 4, 2021.

As of January 4, 2021, Civic, Quantstamp, and Tron Foundation have each objected to all of Plaintiff's requests and refused to produce any documents. Each witness raises a number of boilerplate general objections, which ignore the Court's prior approval of Plaintiff's discovery plan that authorized Plaintiff to seek discovery from each of these targets.

Additionally, each of Civic, Quantstamp, and Tron Foundation has objected to Plaintiff's discovery, claiming that it is intended to be an end-run around the PSLRA discovery stay imposed in separate actions that some of these very defendants have previously argued are *not* related to, and should *not* be coordinated with, the instant action. As Plaintiff previously described to this Court (ECF No. 77 at 2), the PSLRA discovery stay in other, unrelated actions does not limit Plaintiff's ability to take discovery in this action. The PSLRA stay applies only where a motion to dismiss is pending. *See* 15 U.S.C. § 77z-1(b)(1). Since no motion to dismiss has been filed in this action, no discovery stay applies. Moreover, in light of the deadline this Court has set for the completion of fact discovery by May 3, 2021 (ECF No. 66), imposing a discovery stay in this action, based upon other pending actions, would clearly prejudice Plaintiff here. Finally, Plaintiff is unaware of any authority in this District requiring the imposition of a stay under the PSLRA as to unrelated actions. Plaintiff intends to seek to meet and confer to the extent possible with Civic, Quantstamp, and Tron Foundation, to see if the parties can avoid the need for action by the Court. Should the Parties be unable to reach agreement, Plaintiff may seek relief from the Court.

On December 21, 2020, Amazon Web Services also objected to Plaintiff's Rule 45 subpoena, and produced no documents. Plaintiff's counsel met and conferred with counsel for Amazon Web Services on December 30, 2020. Plaintiff intends to submit additional IP Address information to counsel for Amazon Web Services during the week of January 4, 2021, to facilitate production of responsive information. Plaintiff is hopeful the parties can reach mutual agreement, but may need to seek the Court's intervention through a motion to compel.

A summary of the steps Plaintiff has taken with respect to each discovery target is set forth below. Plaintiff is available to discuss should the Court have any questions.

| Discovery Target | Status |
| --- | --- |
| Defendants: KuCoin, Michael Gan, Johnny Lyu, and Eric Don | Letters of Request were authorized by the Court on December 11, 2020 (ECF No. 72), and delivered to the Supreme Court of Singapore on December 22, 2020. |
| aelf (issuer of the ELF token) | A Letter of Request was authorized by the Court on December 11, 2020 (ECF No. 72), and delivered to the Supreme Court of Singapore on December 22, 2020. |

| **Discovery Target** | **Status** |
|---|---|
| Block.one (issuer of the EOS token) | As discussed in Plaintiff's December 21, 2020, Application for the Issuance of an International Letter of Request (Letter Rogatory) (ECF No. 78), Plaintiff served a Rule 45 subpoena on Block.one LLC's registered agent on December 22, 2020. Block.one LLC's responses and objections to that subpoena are expected tomorrow, January 5, 2021.<br><br>Upon Plaintiff's motion, a Letter of Request was subsequently authorized by the Court on December 30, 2020, for discovery from Block.one (ECF No. 83). Plaintiff sent the signed Letter of Request to the Clerk of the Courts, Grand Cayman, Cayman Islands on January 4, 2021. |
| Civic (issuer of the CVC token) | Counsel for Civic accepted email service of a Rule 45 subpoena on December 3, 2020. Counsel for Civic served responses and objections to the subpoena on December 29, 2020, wherein Civic objected to all of the requests, and refused to produce any documents. |
| ETHLend (issuer of the ETHLend token) | A Letter of Request was authorized by the Court on December 11, 2020 (ECF No. 72), and delivered to the Royal Courts of Justice of the United Kingdom on December 21, 2020. |
| Kyber Network (issuer of the KNC token) | On December 3, 2020, counsel for Plaintiff attempted to serve by email a Rule 45 subpoena on counsel for Kyber Network. On December 9, 2020, counsel for Kyber Network informed Plaintiff's counsel that it would not accept service of the subpoena.<br><br>Upon Plaintiff's motion, a Letter of Request was subsequently authorized by the Court on December 30, 2020 (ECF No. 82). Plaintiff sent the signed Letter of Request to the Supreme Court of Singapore on January 4, 2021. |
| OmiseGo (issuer of the OMG token) | As discussed in Plaintiff's December 3, 2020, Application for the Issuance of International Letters of Request (Letters Rogatory) (ECF No. 69), Plaintiff is continuing to evaluate whether it is necessary to proceed with a letter rogatory to OmiseGo (which will involve greater costs) based upon the results of the FRCP subpoenas and Letters of Request to the other witnesses. |
| Quantstamp (issuer of the QSP token) | Counsel for Quantstamp accepted email service of a Rule 45 subpoena on December 3, 2020. Counsel for Quantstamp served responses and objections to the subpoena on December 29, 2020, wherein Quantstamp objected to all of Plaintiff's requests, and did not produce any documents. |
| Status (issuer of the SNT token) | On December 3, 2020, counsel for Plaintiff attempted to serve by email a Rule 45 subpoena on counsel for Status. On December 8, 2020, counsel for Status informed Plaintiff's counsel that he was not authorized to accept service of the subpoena. |

| **Discovery Target** | **Status** |
|---|---|
| | Upon Plaintiff's motion, a Letter of Request was subsequently authorized by the Court on December 30, 2020 (ECF No. 82). Plaintiff sent the signed Letter of Request to the Supreme Court of the Canton of Zug, Switzerland on January 4, 2021. |
| TomoChain (issuer of the TOMO token) | A Letter of Request was authorized by the Court on December 11, 2020 (ECF No. 72), and delivered to the Supreme Court of Singapore on December 22, 2020. |
| Tron (issuer of the TRX token) | Plaintiff caused to be served a Rule 45 subpoena upon TRON Foundation's California registered agent on December 11, 2020. Plaintiff agreed to TRON Foundation's request to extend the deadline for responses and objections to the subpoena to January 4, 2021, on which date Tron Foundation objected to all of Plaintiff's requests and did not produce any documents. |
| Amazon Web Services | Plaintiff caused to be served a Rule 45 subpoena on registered agent of Amazon Web Services on December 3, 2020. Amazon Web Services served responses and objections on Plaintiff's counsel on December 21, 2020. Plaintiff's counsel met and conferred with counsel for Amazon Web Services on December 30, 2020. Plaintiff intends to submit additional IP Address information to counsel for Amazon Web Services during the week of January 4, 2021, to facilitate production of responsive information. |

Respectfully submitted,

*/s/ Kyle W. Roche*  
Roche Cyrulnik Freedman

*/s/ Jordan A. Goldstein*  
Selendy & Gay, PLLC