UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHASE WILLIAMS, *individually and on behalf of all others similarly situated*,

                    Plaintiff,

      -against-

KUCOIN, MICHAEL GAN, JOHNNY LYU and ERIC DON,

------------------------------------- x

**FEB 0 9 2022**

MEMORANDUM DECISION AND ORDER

20 Civ. 2806 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

Lead Plaintiff Chase Williams ("Plaintiff") purchased TOMO-brand digital asset tokens on KuCoin, an online crypto-asset exchange. He brings this putative class action against KuCoin, Michael Gan, Johnny Lyu, and Eric Don (together, "Defendants") for violations of federal and state securities laws, claiming that KuCoin, and its principals, transacted in unregistered securities and failed to register KuCoin as a securities exchange and as a securities broker-dealer. Plaintiff brings a total of 154 causes of action. The first five causes of action allege violations of the federal securities laws. Claims one through three are directed at KuCoin and allege offer and sale of unregistered securities in violation of Section 5 of the Securities Act of 1993, 15 U.S.C. § 77e(a) and (c) (First Cause of Action); operation as an unregistered exchange in violation of Section 5 of the Securities Exchange Act of 1934, 15 U.S.C. § 78e (Second Cause of Action); and operation as an unregistered broker and dealer in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. §78o(a)(1) (Third Cause of Action). The two additional federal causes of action are directed to the individual Defendants, Gan, Lyu, and Don, and allege that they are liable as control persons

1

for KuCoin's violations of the Exchange Act (Fourth Cause of Action) and Securities Act (Fifth Cause of Action). The remaining 149 causes of action assert violations of the analogous security laws of 49 states, the District of Columbia, and Puerto Rico.[1]

Plaintiff moves for class certification under Federal Rule of Civil Procedure ("FRCP") 23. (Motion to Certify Class and Appoint Class Representative and Counsel, ECF No. 103.) Defendants never answered or otherwise moved in this action. On October 23, 2020, at Plaintiff's request, the Clerk of Court issued a Certificate of Default pursuant to FRCP 55(a) against each Defendant. (ECF Nos. 58–61.) Plaintiff advises that if the instant motion is granted, he anticipates filing a motion for default judgment on behalf of the class against each of the Defendants.

Before this Court is Magistrate Judge Robert W. Lehrburger's October 21, 2021 Report and Recommendation, recommending that Plaintiff's motion for class certification be granted in part for a narrowed class that does not include purchasers of tokens that Plaintiff did not purchase. (Report, ECF No. 117.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 34-35.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I.   FACTUAL BACKGROUND

KuCoin, an online crypto-asset exchange, sells (amongst other digital assets) ten different tokens: EOS, SNT, QSP, KNC, TRX, OMG, LEND, ELF, CVC, and TOMO (the "Tokens"). (R. at 2.) KuCoin charges a fee for each transaction it facilitates. (*Id.*) The issuers of the Tokens did not register them as securities with the Securities and Exchange Commission ("SEC"), and KuCoin did not register itself as either an exchange or broker-dealer with the SEC.

---

[1] The only state whose law is not included is New York, which, according to Plaintiff's counsel, does not provide an analogous private right of action.

2

(*Id.*) In November 2018, Plaintiff purchased and sold TOMO Tokens through KuCoin incurring an estimated total loss of $4,183.51. (R. at 3.) Plaintiff alleges that the Token issuers[2] and KuCoin failed to make the robust disclosures required of securities, misled investors to conclude that the Tokens were not securities, and deprived investors of information necessary to reliably assess the representations made or the risks of their investments. (R. at 3-4.) Plaintiff requests certification of the following class:

> All persons who purchased on the KuCoin exchange any of the Tokens – EOS, SNT, QSP, KNC, TRX, OMG, LEND, ELF, CVC, and TOMO – each of which was listed for sale on a domestic U.S. exchange, or who otherwise purchased on the KuCoin exchange any of the Tokens in a domestic U.S. transaction, between September 15, 2017 and July 2, 2021 and were injured thereby.

(R. at 7.)

## II. LEGAL STANDARDS

### A. Report and Recommendation

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. See Edwards v. Fischer, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" Hernandez v. City of New York, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)).

### B. Class Certification

A putative class must satisfy the "four prerequisites set forth in Rule 23(a): numerosity, commonality, typicality, and adequacy" to be certified as a class. *Brown v. Kelly*, 609 F.3d 467,

---

[2] The Token issuers are not defendants in this action.

475 (2d Cir. 2010); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12 Civ. 03852 (GBD), 2015 WL 10433433, at *2 (S.D.N.Y. Sept. 29, 2015). "In addition to the four factors enumerated in Rule 23(a), there is an 'implied requirement that the membership of the class is identifiable and ascertainable.'" *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 203 (S.D.N.Y. 2018) (citation omitted). Class certification must also be appropriate under one of the three subdivisions of Rule 23(b). *Brown*, 609 F.3d at 476. Here, Plaintiff seeks certification under Rule 23(b)(3), which applies when the court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FRCP 23(b)(3).

### III. PLAINTIFF HAS CLASS STANDING TO REPRESENT PURCHASERS OF TOMO TOKENS ONLY

Magistrate Judge Lehrburger correctly concluded that Plaintiff lacks class standing to represent purchasers of Tokens that he did not purchase.

Putative class standing requires a plaintiff to plausibly allege that (1) that he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *Retirement Board of The Policemen's Annuity And Benefit Fund Of The City Of Chicago*, 775 F.3d 154, 161 (2d Cir. 2014) (quoting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012)).

As Magistrate Judge Lehrburger noted, Plaintiff easily meets the first requirement—he allegedly incurred a loss caused by the purchase and sale of TOMO Tokens through KuCoin and the relief he requests would redress that injury. (R. at 12.) However, whether Plaintiff's injury

4

"implicates the same set of concerns" as putative class members who did not purchase TOMO Tokens requires a detailed analysis. Plaintiff's federal and state securities claims would require him to first demonstrate that the TOMO Tokens he purchases were "securities" under the SEC's Framework for Investment Contract Analysis which was derived from *SEC v. W. J. Howey, Co.*, 328 U.S. 293 (1946) ("Howey Test")[3]. (R. at 4, 15.) Magistrate Judge Lehrburger accurately reasoned that establishing KuCoin's liability for each Token would require individualized proof to satisfy *Howey* and that Plaintiff would only have a personal stake in providing proof for TOMO Tokens, not all Tokens. (R. at 15-16.) Magistrate Judge Lehrburger not only correctly analyzed this issue under the relevant Second Circuit case law (R. at 12-18) but also allowed Plaintiff to submit an expert declaration in support of his motion. (R. at 18-20.) This Court agrees with Magistrate Judge Lehrburger that Plaintiff's expert declaration fails to support the proposition that Plaintiff's injury "implicates the same set of concerns" as putative class members who did not purchase TOMO Tokens. (*Id.*)

Thus, Plaintiff has standing to bring a putative class action on behalf of purchasers of TOMO Tokens on the KuCoin exchange within the relevant class period ("TOMO Token Class").

### IV. TOMO TOKEN CLASS SATISFIES THE REQUIREMENTS OF RULE 23(A) AND 23(B)(3) THUS PLAINTIFF'S MOTION TO CERTIFY IS GRANTED IN PART

Magistrate Judge Lehrburger correctly found the TOMO Token Class satisfies the numerosity, commonality, typicality, and adequacy of representation elements of Rule 23(a). While the TOMO Token Class is only 26 individuals, judicial economy will be served by proceeding in one action. (R. at 21-22; *Ansari v. New York University*, 179 F.R.D. 112, 114-115

---

[3] *Howey* defines an "investment contract" under the securities law as a "contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." *Howey*, 328 U.S. at 298-99.

5

(S.D.N.Y. 1998).) The class members have several common questions related to their claims that are more than sufficient to satisfy Rule 23(a)(2). (R. at 22-23.) Plaintiff's "disputed issues of law or fact" occupy essentially the same degree of centrality as the other members of the TOMO Token Class. (R. at 25.) Finally, Plaintiff has no apparent conflict with the other class members and his chosen counsel, Roche Freedman LLP and Selendy & Gay, PLLC, have extensive experience in complex financial class actions. (R. at 25-27, 34.) Thus, the TOMO Token Class satisfies the Rule 23(a) requirements.[4]

Plaintiff seeks certification under Rule 23(b)(3) which requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." (R. at 30; FRCP 23(b)(3).) Here, Magistrate Judge Lehrburger properly reasoned that "common issues predominate over individualized ones because most all elements of [Plaintiff's] and each proposed class member's claims present questions that are susceptible to class-wide resolution." (R. at 30.) Further, a class action suit is superior to individual suits in this context: there is nothing to indicate that absent class members have expressed interest in controlling the prosecution of their claims; the losses of many class members are too small for an individual action; a single forum avoids the risk of inconsistent adjudication; and there is no evidence of any likely difficulties in managing the class action. (R. at 32-33.) The TOMO Token Class satisfies the Rule 23(b)(3) requirements.

---

[4] Despite Plaintiff's inability thus far to obtain discovery from KuCoin which is in Singapore, the Court agrees with Magistrate Judge Lehrburger's reasoning that the TOMO Token Class members are "identifiable and ascertainable" either through KuCoin's transactional records of purchases and sales of the TOMO Tokens or through publicly accessible blockchain ledger information. (R. at 27-28.)

6

## V. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Plaintiff's Motion to Certify Class and Appoint Class Representative and Counsel, ECF No. 103, is GRANTED IN PART for a narrower class that does not include purchasers of Tokens that Plaintiff did not purchase. Thus, the class is certified as:

> "All persons who purchased on the KuCoin exchange any TOMO-brand tokens listed for sale on a domestic U.S. exchange, or who otherwise purchased on the KuCoin exchange TOMO-brand tokens in a domestic U.S. transaction, between September 15, 2017 and July 2, 2021."

Plaintiff Chase Williams is appointed as Class Representative and the law firms of Roche Freedman LLP and Selendy & Gay PLLC are appointed as Class Counsel.

The Clerk of Court is directed to close ECF No. 103 accordingly.


Dated: New York, New York
       February 9, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge